NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TOM MARK FRANKS, Plaintiff-Appellant, v. KIRK, Deputy Sheriff, Modesto Public Safety Center/Jail; et al., Defendants-Appellees, and STANISLAUS COUNTY SHERIFF'S DEPARTMENT, Defendant. | Nos. 18-17237 D.C. No. 1:15-cv-00401-EPG MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Erica P. Grosjean, Magistrate Judge, Presiding[**]

Submitted March 3, 2020[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

California state prisoner Tom Mark Franks appeals pro se from the district court's order denying his Federal Rule of Civil Procedure 59(a) motion for a new trial following a jury verdict for defendants in his 42 U.S.C. § 1983 action arising out of defendants' failure to protect him from an inmate assault while he was a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Kode v. Carlson*, 596 F.3d 608, 611 (9th Cir. 2010). We affirm.

The district court did not abuse its discretion by denying Franks's motion for a new trial because the jury's verdict was not contrary to the clear weight of the evidence which included, but was not limited to, testimony that Franks and the inmate who assaulted him had resolved their prior disagreement and requested to be housed together. *See Kode*, 596 F.3d at 612 (explaining that "where the basis of a Rule 59 ruling is that the verdict is not against the weight of the evidence, the district court's denial of a Rule 59 motion is virtually unassailable" and that in those cases, this court "reverse[s] for a clear abuse of discretion only where there is an *absolute absence of evidence* to support the jury's verdict" (citation and internal quotation marks omitted)); *see also Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (setting forth elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim).

18-17237

Contrary to Franks's contentions, the district court properly disregarded the jury's answers to Questions 2 through 6 on the special verdict form as surplusage. *See Floyd v. Laws*, 929 F.2d 1390, 1397 (9th Cir. 1991) (holding that the district court must dismiss a jury's "special findings issued in violation of the [district] court's express instructions" as "surplusage, as a matter of law").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**